

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Superseded By art 29-d V.C.S.*

Honorable Guy Turner
County Auditor
Denton County
Denton, Texas

Dear Sir:

Opinion No. O-3676
Re: Under the facts set forth,
should the county school
superintendent be drawing
his salary under Senate
Bill No. 499, 45th Legis-
lature? Is it the duty of
the county auditor to pass
on the question of the pro-
per salary to be paid to
the county school superin-
tendent? Does the county
auditor have any authority
or supervision over funds
belonging to common school
districts?

Your request for our opinion on the hereinabove captioned
questions has been received by this Department. We quote
from your letter as follows:

"The County School Superintendent of Denton
County, under S. B. No. 499 passed by the Forty-
fifth Legislature, received a raise in salary. Ac-
cording to the last Federal Census our population
is now above 32,830, therefore, I am of the opinion
he should not be drawing the money allowed him under
S. B. 499.

"After reading the case of Houston National
Exchange Bank et al v. School District No. 25
Harris County, 195 S. W. 589 (Civ. App. 1916) I am
wondering if it is my duty to pass on the matter.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Guy Turner, page 2

"Please advise if I have any authority or
supervision of funds belonging to Common School
Districts."

Senate Bill No. 499 (Acts 1937, 45th Legislature, p. 1276,
Ch. 477), referred to in your letter, was carried forward in
Vernon's Annotated Civil Statutes as Article 2700d-17. Sec-
tion 1 of this Article provides in part as follows:

"Section 1.  In all counties of the State of
Texas having a population of not less than thirty-
two thousand eight hundred (32,800) and not more than
thirty-two thousand eight hundred thirty (32,830),
. . . the salary of the County Superintendent of
Public Instruction shall be not less than Two Thousand
Seven Hundred Fifty ($2,750.00) Dollars and not more
than Three Thousand ($3,000.00) Dollars per annum, the
amount of which salary shall be fixed by the order of
the County Board of Education for the respective
counties, and the County Board of Education for each
of the counties coming within this bill shall, by
order entered in its minutes, set the salary for each
of their respective counties."

The official 1940 Census report discloses that Denton
County now has a population of 33,658, being, as stated in your
letter, in excess of the 32,830 maximum within the hereinabove
mentioned act.

You are, therefore, respectfully advised that it is the
opinion of this Department, under the facts stated, that you
are correct in your conclusion that the salary of the county
school superintendent of Denton County is no longer to be deter-
mined from the provisions of Article 2700d-17 for the reason
that said Article no longer applies to Denton County.

In the case of Houston National Exchange Bank v. School
District No. 25, Harris County, 185 S. W. 589, the Galveston
Court of Civil Appeals in 1916 held, that the county auditor
was not authorized or required to approve vouchers drawn on
funds of the common school district of the county.  It was
observed in this case that school funds are not funds "for the
use of, or belonging to, the county," over which Article 1651,
R. C. S. of 1925, prescribes the county auditor's duties, but

Hon. Guy Turner, page 3

that the same are State funds which are held by the county merely as trustee for the public free schools, and that such school funds are subject to the supervision of the <u>school officers</u>, such as trustees, superintendents, etc.

Under Article 2827e, Vernon's Annotated Civil Statutes, the salary of an elective county school superintendent is paid out of the State Available School Fund.

You are, therefore, respectfully advised that it is the opinion of this Department, under the facts stated, that since the salary of the county school superintendent of Denton County is paid out of school funds and not out of funds "for the use of, or belonging to, the county," the matter of passing on the amount of salary to which the superintendent is entitled is not part of the duties required of the county auditor of said county.

We are enclosing herewith copies of our opinions Nos. O-1065, O-2734 and O-2734a, heretofore rendered by the present administration of this Department, which, we believe, will fully answer your last question.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By ~Edgar Pfeil~

Edgar Pfeil
Assistant

KP:N

APPROVED JUN 23, 1941

Glenn R. Lewis

*Acting* ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION COMMITTEE
BY BWB
CHAIRMAN